IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10-CV-00166-RLV-DSC

| | | |
|---|---|---|
| STEPHEN G. STERNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff Sterner's pro se Motion for Reconsideration, filed January 19, 2012. (Doc. 26.) Therein Plaintiff asks the Court to reconsider its Order granting Defendant's Motion to Remand and further moves for "a hearing and/or a jury trial." (Doc. 26 at 1.)

Reconsideration of a prior order is appropriate where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva, L.L.C. v. Adidas America, Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005) (citations omitted); *see also Carolina Internet, Ltd. v. TW Telecom Holdings, Inc.*, No. 3:11-310, 2011 WL 4459204, at *1 (W.D.N.C. Sept. 26, 2011) (Mullen, J.). Plaintiff seems to base his argument in the third element, proffering as grounds for reconsideration his generalized frustration with the delay in resolving his case and the manifest injustice stemming from said delay. However, Congress has consistently refused to impose deadlines on the adjudication of disability claims in order to avoid a potentially adverse effect on the quality of disability adjudications. *See, e.g., Heckler v. Day*,

1

467 U.S. 104, 118–19 (1984). Without a showing that the Administration's delay has been in bad faith, and given the enormous quantity of disability cases awaiting adjudication, this delay cannot be deemed egregious or unjustifiable.

As regards Plaintiff's request for the immediate payment of benefits, there has yet been no determination that Plaintiff is entitled to relief, and should Plaintiff be arguing that he is entitled to an award of benefits solely on the basis of undue delay, the Court denies that claim.

Furthermore, the Court sees no need for a hearing at this time, and Plaintiff is not entitled to a jury trial on appeal to this Court for denial of benefits. Social Security Act § 205(g)–(h), 42 U.S.C. § 405(g)–(h) (2010).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 26) be **DENIED**.

Signed: January 20, 2012

Richard L. Voorhees
United States District Judge